UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DUERY C. FELTON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-0342 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 33, 37, 40, 41 |
| | : | | |
| HARIS DESIGN & CONSTRUCTION CO., | : | | |
| AMERICAN SPECIALTIES, INC., and | : | | |
| STEEL PRODUCTS, INC., | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING HARIS DESIGN & CONSTRUCTION CO.'S MOTION FOR SUMMARY JUDGMENT;
GRANTING AMERICAN SPECIALTIES, INC.'S MOTION FOR SUMMARY JUDGMENT; AND
GRANTING STEEL PRODUCT, INC.'S MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

This case comes before the court on the plaintiff's motion for summary judgment against defendant Haris Design & Construction Co. ("Haris Design"), defendant Haris Design's cross-motion for summary judgment, defendant American Specialties, Inc.'s ("ASI") motion for summary judgment, and defendant Steel Products, Inc.'s ("Steel Products") motion for summary judgment. The plaintiff brings suit against the defendants seeking damages for injuries he sustained when a handicapped shower bench at one of the Bolling Air Force Base's exercise facilities collapsed while he sat on it. Because there is a genuine issue of material fact concerning the location of the plaintiff's accident, the court denies the plaintiff's motion for summary judgment against defendant Haris Design and denies Haris Design's cross-motion for summary judgment. Because the plaintiff cannot prove essential elements of his case against

defendants ASI and Steel Products, the court grants their motions for summary judgment.

## II. BACKGROUND

### A. Factual History

In 1994, defendant Haris Design installed a handicapped shower bench as part of the renovation of the Bolling Air Force fitness center in Building 38. Compl. ¶ 10; Def. Haris Design's Mot. for Summ. J. at 1-2. Haris Design contracted with defendant Steel Products to supply the seat. Compl. ¶ 10. Steel Products, in turn, contracted with ASI to supply the seat. *Id.* ¶ 10.

On March 3, 2001, the plaintiff used a handicapped shower stall in the men's locker room at one of the two exercise facilities[1] in the Bolling Air Force Base. *Id.* ¶ 11. As the plaintiff sat on the handicapped shower seat, "the seat gave way beneath him and collapsed to the ground," resulting in "severe injury" to the plaintiff's shoulder. *Id.* The plaintiff alleges that his injuries, pain and suffering "were a direct and proximate result of the acts, omissions, and/or negligence of the defendants." *Id.* ¶ 12.

### B. Procedural History

The plaintiff's complaint contains five counts: (1) negligent design, (2) negligent manufacture, (3) negligent failure to provide proper instructions for installation, (4) breach of warranty, and (5) negligent installation. *See generally* Compl. Specifically, the plaintiff alleges that defendant Haris Design was negligent in installing the handicapped shower seat and that

---

[1] The parties dispute whether the plaintiff used the exercise facility in Building 19 or Building 38.

Haris Design breached implied warranties.[2] *Id.* ¶¶ 29, 34. The plaintiff further alleges that defendant ASI was negligent in the design and manufacture of the handicapped shower seat, failed to provide proper instructions for the installation of the shower seat, and breached implied warranties of merchantability and fitness for a particular purpose. *Id.* ¶¶ 21, 25, 29. With respect to defendant Steel Products, the plaintiff alleges that it failed to provide proper instructions for the installation of the shower seat and breached implied warranties. *Id.* ¶¶ 25, 29.

The plaintiff has moved for summary judgment against defendant Haris Design, and Haris Design has cross-moved for summary judgment against the plaintiff. ASI and Steel Products have also filed motions for summary judgment against the plaintiff. The court now turns to the parties' motions.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v.*

---

[2]  The plaintiff also alleges that the three defendants were negligent in providing adequate instructions for the installation of the shower seat. Compl. ¶ 25. Because the plaintiff does not present any evidence showing that defendant Haris Design & Construction Co. ("Haris Design") provided instructions on the installation to another party or had a duty to provide such instructions and because the plaintiff's motion for summary judgment only addresses the negligent installation count, the court assumes that the plaintiff only brings the inadequate instruction count against defendants Steel Products, Inc. ("Steel Products") and American Specialties, Inc. ("ASI").

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements.  *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

## B.  The Court Denies the Plaintiff's Motion for Summary Judgment Against Defendant Haris Design and Also Denies Defendant Haris Design's Motion for Summary Judgment

The plaintiff moves for summary judgment against defendant Haris Design, arguing that Haris Design negligently installed the handicapped shower bench, which resulted in its collapse, which in turn caused the plaintiff's injuries.  Pl.'s Mot. for Summ. J. at 3.  Defendant Haris Design concedes that it installed a handicapped shower bench at the Bolling Air Force Base, but claims that it did not install the bench which collapsed.  Def. Haris Design's Mot. for Summ. J. at 4.  Because there is an issue of material fact regarding defendant Haris Design's duty to the plaintiff, the court denies the plaintiff's motion for summary judgment and defendant Haris Design's motion for summary judgment.

To establish a claim for negligence in the District of Columbia,[3] the plaintiff must prove: (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty by the defendant, and (3) damage to the plaintiff, proximately caused by the breach of duty.  *Powell v. Dist. of Columbia*, 634 A.2d 403, 406 (D.C. 1993).  The plaintiff alleges that he was injured in the exercise facility located in Building 38.  Pl.'s Mot. for Summ. J. at 1.  Defendant Haris Design does not dispute that it renovated Building 38 and installed new shower benches in the

---

[3]  As a preliminary matter, the court notes that the parties in this case are completely diverse and the amount in controversy is over $75,000.  Federal jurisdiction is accordingly based on diversity of citizenship.  28 U.S.C. § 1332(a).  To determine which state's laws apply to the instant suit, this court applies the District of Columbia choice of law rules.  *Liberty Mut. Ins. Co. v. Travelers Indem. Co.*, 78 F.3d 639, 642 (D.C. Cir. 1996) (explaining that "[a] federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state").  The choice of law rules for negligence cases require that the court consider "*inter alia*, the place of the injury, the place where the contact occurred, the domicile of the parties, and the place where the relationship between the parties is centered."  *Stancill v. Potomac Elec. Power Co.*, 744 F.2d 861, 864 n.16 (D.C. Cir. 1984) (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 (1971)).  Because the plaintiff is a District of Columbia resident who was injured in the District of Columbia and because the parties' relationship is centered on events that occurred in the District of Columbia, the District of Columbia's laws apply to the instant action.

locker rooms, but it asserts that the plaintiff was injured at the exercise facility in Building 15.[4] Def. Haris Design's Mot. for Summ. J. at 4. In support of his assertion that he was injured in Building 38, the plaintiff offers the affidavit of the government's project inspector, Walter Harrison. Pl.'s Mot, Ex. 2 ("Harrison Aff."). Harrison's affidavit states that he "was aware of the collapse of the bench in Building 38, and advised personnel as to having the bench reinstalled following the collapse." Harrison Aff. ¶ 6. As part of its evidence, the plaintiff also submitted an evidence tag for a camera confiscated after the shower bench collapsed.[5] The evidence tag states that the camera was confiscated from the plaintiff in Building 38. Pl.'s Mot. for Summ. J., Ex. 7.

Defendant Haris Design's evidence to support its assertion that the plaintiff was injured in Building 15 consists of a security blotter filled out by a security officer who came to the scene of the accident. Def. Haris Design's Mot. for Summ. J., Ex. 3. The security blotter indicates that the location of the "safety mishap" was Building 15. *Id.* Defendant Haris Design's other evidentiary exhibits, including the statement of a witness to the accident, show that the collapse of the shower bench occurred in Building 38. Def. Haris Design's Mot. for Summ. J., Exs. 4, 5. In other words, the parties' evidence points to a material, factual contradiction regarding the location of the plaintiff's accident.[6] Because factual contradictions create genuine issues for a

---

[4] Because defendant Haris Design argues that the plaintiff was injured in a building where Haris Design did not install a shower bench, the court assumes that Haris Design's argument is that it did not owe a duty to the plaintiff.

[5] After the shower bench collapsed, the plaintiff "began taking photos of the collapsed bench with a disposable 35 mm camera." Def. Haris Design's Mot. for Summ. J., Ex.3.

[6] The factual discrepancy is material because it is determinative of whether defendant Haris Design owed a duty to the plaintiff.

jury to resolve, *Carney v. Am. Univ.*, 151 F.3d 1090, 1094 (D.C. Cir. 1998), the court denies the plaintiff's motion for summary judgment against defendant Haris Design and denies defendant Haris Design's motion for summary judgment.

### C. The Court Grants Defendant ASI's Motion for Summary Judgment

Defendant ASI moves for summary judgment against the plaintiff, arguing that the plaintiff cannot prove that ASI designed, manufactured, or sold the shower seat that collapsed beneath the plaintiff. Def. ASI's Mot. for Summ. J. at 7-8. The plaintiff acknowledges that ASI did not manufacture the seat that collapsed. Pl.'s Opp'n to ASI's Mot. for Summ. J. at 3. Nevertheless, the plaintiff argues that the court should deny ASI's motion for summary judgment because ASI ships products manufactured by other companies. *Id.* at 4.

As discussed *supra*, a plaintiff bringing a claim of negligence must prove that the defendant owed a duty of care to the plaintiff and that the defendant breached that duty of care. *Powell*, 634 A.2d at 406. The plaintiff, however, does not present any evidence to support his assertion that ASI sold or transferred the seat that collapsed beneath the plaintiff. Indeed, the plaintiff's argument that the court should not grant ASI's motion is based on his speculation that ASI may have shipped the seat at issue. Pl.'s Opp'n to ASI's Mot. for Summ. J. at 4. Stated differently, the plaintiff is unable to show that ASI owed him a duty, and consequently cannot meet his burden of proof. *Griggs v. Wash. Metro. Area Transit Auth.*, 2002 WL 31174533, at *3 (D.D.C. Sep. 30, 2002) (granting the defendant's motion for summary judgment and noting that the plaintiff in a negligence action bears the burden of proving that the defendant owed a duty and that the defendant breached the duty).

Moreover, assuming *arguendo* that the plaintiff could show that ASI owed a duty to the

plaintiff, the plaintiff has not established that defendant ASI breached a duty of care to him.  The plaintiff presents no evidence that ASI designed, manufactured, transferred, or shipped the seat in a negligent manner, or that it was negligent in providing installation instructions for the seat.  *Id.*  Because "[s]ummary judgment is appropriate when an essential element of negligence is missing," and because the plaintiff "presented no proof as to how the defendant[] breached [its] duty," the court grants ASI's motion for summary judgment on the negligence claims.  *Kellner v. Budget Car and Truck Rental, Inc.*, 359 F.3d 399, 406 (6th Cir. 2004); *see also Pannell v. Dist. of Columbia*, 829 A.2d 474, 478 - 479 (D.C. 2003) (stating that summary judgment is appropriate when a party fails to establish an essential element of his case).

The plaintiff also brings a claim for breach of warranty against defendant ASI.  To prevail on a claim for breach of warranty, the plaintiff must show that "(a) the product or article in question has been transferred from the manufacturer's possession while in a 'defective' state . . . and (b) as a result of being 'defective,' the product causes personal injury or property damage."  *Cottom v. McGuire Funeral Serv., Inc.*, 262 A.2d 807, 808-809 (D.C. 1970) (internal quotations omitted).  As with the negligence claims, the plaintiff offers no evidence that the seat was transferred in a defective state, or that ASI sold or transferred the seat.  Because the plaintiff has not shown that he can establish the elements of a breach of warranty claim, *Celotex*, 477 U.S. at 322, the court grants defendant ASI's motion for summary judgment.

### D.  The Court Grants Defendant Steel Products' Motion for Summary Judgment

Defendant Steel Products moves for summary judgment against the plaintiff, arguing that the plaintiff cannot establish elements essential to his negligence and breach of warranty claims.

Def. Steel Products' Reply at 3. The plaintiff contends that the court should deny defendant Steel Products' motion for summary judgment because Steel Products may have supplied the bench that collapsed. Much like the plaintiff's response to defendant ASI's motion for summary judgment, his response to Steel Products' motion does not offer any evidence to show that Steel Products had a duty to provide adequate instructions for the installation of the shower seat. Assuming *arguendo* that defendant Steel Products did have such a duty, the plaintiff also fails to provide any evidence that Steel Products breached the duty to provide adequate instructions. With respect to the breach of warranty claim, the plaintiff presents no evidence to support his contention that the seat was defective when it was transferred to the fitness center. Because the plaintiff has not offered any evidence establishing that it will be able to meet its evidentiary burdens at trial, *Anderson*, 477 U.S. at 249-50, the court grants defendant Steel Products' motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for summary judgment against defendant Haris Design and denies defendant Haris Design's cross-motion for summary judgment. The court also grants defendant ASI's and defendant Steel Products's motions for summary judgment. An order directing the parties consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of March 2006.

RICARDO M. URBINA  
United States District Judge