UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUERY C. FELTON, JR.,

           Plaintiff,

   v.

HARIS DESIGN & CONSTRUCTION CO.,
   et al.,

           Defendants.

Civil Action No.  04-0342
           DAR

**ORDER**

In this action, Plaintiff seeks damages for personal injuries he sustained when the bench in a shower stall in the Aerobics Center on Bolling Air Force Base collapsed beneath him. Plaintiff maintains that the bench was negligently installed by Haris Design & Construction Company, the remaining defendant in this action.  *See* Joint Pretrial Statement (Doc. No. 64) at 2.[1]  Trial is scheduled to commence on March 5, 2007.

In an action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, for damages arising from the same occurrence, the same Plaintiff, represented by the same counsel, alleged that the United States was negligent in the discharge of its duties to inspect and maintain the equipment in the Fitness Center, including the bench (Count I), and failed to adhere to applicable building code standards and requirements (Count II).  *See* Complaint (Doc. No. 1, Civ.A.No. 03-2314) at 3-5.  Plaintiff and the United States ultimately "agree[d] to settle and compromise each and every claim of any kind between them, whether known or unknown[.]"

---

[1] The court (Urbina, J.) granted summary judgment in favor of the other defendants in this action.  *See* March 3, 2006 Memorandum Opinion and Order (Doc. Nos. 49, 50).

Felton v. Haris Design & Construction Co., et al.                                                                                    2

Stipulation for Compromise Settlement, Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 and Order of Dismissal of this Action ("Stipulation") (Doc. No. 13, Civ.A.No. 03-2314) at 1. Among the terms to which Plaintiff and the United States agreed was:

> 4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

Stipulation at 2.

By a motion *in limine* filed in the instant action, Plaintiff asks this court "to enter a finding that the United States is jointly liable for the collapse of the . . . bench[.]" Plaintiff's Motion *in Limine* to Enter a Finding that the United States is a Joint Tortfeasor for Credit Purposes or in the Alternative that [Defendant] Haris is Limited to the Lesser of a Pro Rata or Pro Tanto Credit ("Plaintiff's First Motion *in Limine*") (Doc. No. 55) at 1. Plaintiff asks, in the alternative, for the court "to enter a finding that defendant Haris will be limited to the lesser of a pro tanto or pro rata credit." *Id*. Plaintiff submits that the United States is "a joint tortfeasor[,]" and that "[t]he status of the United States as a joint tortfeasor is pertinent to the amount of any credit to which [defendant] Haris may be entitled if the jury decides in plaintiff's favor." *Id.* Alternatively, Plaintiff submits that "should a jury verdict be such that the government's settlement is greater than one-half of the jury award, [defendant} Harris should not be allowed to pay less than its pro-rata equitable share of that verdict." *Id.* at 2-3.

Defendant opposes the motion, and suggests that "plaintiff now wishes, in essence, to try his case against the federal government in the context of his claim against Haris Design."

Defendant further submits that the settlement of Plaintiff's claims against the United States "[i]s not relevant to [Plaintiff's] negligence claim against Haris[,]" and that "the interjection of this collateral issue would only serve to confuse the jury." Defendant Haris Design's Opposition to Plaintiff's Motion to Enter a Finding that the United States is a Joint Tortfeasor ("Defendant's Opposition") (Doc. No. 60) at 2. Defendant observes that "[i]n the Stipulation, the parties specifically agreed that there is no admission of liability or fault by the government[.]" *Id.* at 1.

Plaintiff, in his reply, opines that "Defendant hopes to escape its proportionate share of liability by receiving full credit for the government's settlement." Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion Yes [sic] to Enter a Finding that the United States is a Joint Tortfeasor ("Plaintiff's Reply") (Doc. No. 63) at 1. Plaintiff submits that "[t]he Court should enter a finding that Haris will not be able to receive a credit that allows it to escape its equitable share of any verdict returned in plaintiff's favor." *Id.* at 2.

Upon consideration of Plaintiff's motion, the memoranda in support thereof and in opposition thereto, and the records in this action and in Civ.A.No. 03-2314, the motion will be denied. The findings which support this determination are predicated upon the court's consideration of three issues.

**DISCUSSION**

  *1. A Motion in limine is not a vehicle by which to secure a finding*
  *regarding the apportionment of any award at trial in favor of Plaintiff.*

While the term "motion *in limine*" has been variously defined, the term has been applied "in a broad sense[,] to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered[,]" or "to get a ruling that

Felton v. Haris Design & Construction Co., et al.                                                                                                  4

evidence is admissible." 21 Fed. Prac. & Proc. Evid.2d § 5037.10 (citations omitted); *see also* 75 Am. Jur. 2d Trial § 94 (citations omitted) ("The motion affords an opportunity to the court to rule on the admissibility of evidence in advance, and prevents encumbering the record with immaterial or prejudicial matter, as well as providing a means of ensuring that privileged material as to which discovery has been allowed by the court will not be used at trial if it is found to be inadmissible.").

Here, Plaintiff does not seek a ruling in advance of trial regarding the admissibility or inadmissibility of evidence. Instead, Plaintiff seeks a ruling regarding the apportionment of any award of damages to Plaintiff between the defendant in this action and the defendant with which Plaintiff has already settled. Plaintiff offers no authority for the proposition that such a request may be adjudicated by a motion *in limine*. Indeed, in one of the cases which Plaintiff cites in support of the motion, the District of Columbia Circuit held that "a motion for a credit on a judgment should be treated as a Rule 60(b)(5) motion for relief from a judgment which has been satisfied, released or discharged." *Kassman v. American University*, 546 F. 2d 1029, 1033 (D.C. Cir. 1976). While Plaintiff's request is not for a credit, and instead, seeks the limitation of a credit, the undersigned finds that the Circuit's holding regarding the mechanism for addressing this issue is nonetheless apt.

*2. Plaintiff cannot demonstrate that the United States is joint tortfeasor.*

Even if the court were to attempt to evaluate the merits of Plaintiff's motion without regard to the vehicle by which the merits are presented, the flawed assumption on which the motion is predicated would preclude the relief which Plaintiff seeks. In the introductory paragraph of his motion, Plaintiff states that "[t]he status of the United States as a joint tortfeasor

Felton v. Haris Design & Construction Co., et al.                                                                 5

is pertinent to the amount of any credit to which [defendant] Haris may be entitled if the jury decides in plaintiff's favor." Plaintiff's First Motion *in Limine* at 1. However, the United States is not a party to this action, and in this action, Plaintiff never alleged that the United States is a joint tortfeasor. *See* Complaint, ¶¶ 1-20. More importantly, Plaintiff, represented by the same counsel, settled his claims against the United States subject to the stipulation that "[t]his stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States[.]" Stipulation at 2; *see also* Defendant's Opposition at 1-2.[2] Simply put, Plaintiff never alleged that the United States is a joint tortfeasor; the United States, with the agreement of Plaintiff, denied liability of any sort; this court has made no finding that the United States is a joint tortfeasor; and defendant in this action has not and does not "concede" that the United States is a joint tortfeasor. Accordingly, this court has no basis upon which to make any determination based upon the supposed "status of the United States as a joint tortfeasor[.]"

   *3. Consideration of the manner in which any award of damages will be apportioned is premature.*

To the extent which the parties invite evaluation of equitable concerns, such concerns are largely speculative, and further consideration of such concerns would be premature. For example, Plaintiff asserts that "Defendant hopes to escape its proportionate share of liability by receiving full credit for the government's settlement." Plaintiff's Reply at 1; Defendant asserts that Plaintiff "[wants] to have his cake and eat it too[.]" Defendant's Opposition at 2. At this

---

[2] No portion of the record herein supports Plaintiff's contention that "defendant concedes that the United Stats is a joint tortfeasor under applicable law simply by virtue of its ownership of Bolling AFB building 38, where plaintiff was injured." Plaintiff's Reply at 1.

Felton v. Haris Design & Construction Co., et al.                                                                      6

point, however, Defendant has no "liability" to escape, and Plaintiff has no "cake." Until a jury returns a verdict in favor of Plaintiff and awards damages, no purpose consistent with the highest case management objectives is served by the court's involvement in speculation regarding the amount of the verdict. Indeed, an authority on which Plaintiff relies in support of his motion, the determinations regarding any credit against the awards was not made until after the award was made. *See Kassman*, 546 F. 2d at 1033. This court, in an exercise of its discretion, will do likewise.

**CONCLUSION**

For the foregoing reasons, it is, this 23rd day of February, 2007,

**ORDERED** that Plaintiff's Motion *in Limine* to Enter a Finding that the United States is a Joint Tortfeasor for Credit Purposes or in the Alternative that Haris is Limited to the Lesser of a Pro Rata or Pro Tanto Credit (Doc. No. 55) is **DENIED.**

February 23, 2007                                                                  /s/
                                                                                                    DEBORAH A. ROBINSON
                                                                                                    United States Magistrate Judge